EX PARTE ANDREW BERNI.

No. 24818. April 26, 1950.
Rehearing Denied May 17, 1950.

*Ronald Smallwood* and *J. Douglas McGuire,* San Antonio, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator applied to the Hon. W. W. McCrory, Judge of the Criminal District Court of Bexar County, for writ of habeas corpus alleging that he was illegally restrained and confined in the county jail by the sheriff of said county.

Upon a hearing, relator's prayer for release was denied, and he was ordered remanded for delivery to the duly authorized agents of the State of New York.

Relator excepted and gave notice of appeal to this court, and his bail was fixed at $2500, in default of which it was ordered that he remain in custody.

Relator's pleadings disclose that at the time of such hearing, no warrant of extradition had been issued by the Governor of Texas nor had any request for such extradition been made of the Governor of Texas by the Governor of New York, for relator or any other person named Andrew Berni.

Further pleadings filed herein reveal that shortly after the hearing referred to, an order of extradition signed by the Governor of Texas and the application therefor issued by the Govnor of New York was presented to District Judge McCrory, and relator's attorneys were advised that a further hearing had been set and they were requested to be present.

At the time set for such further hearing upon such changed condition the attorneys failed to appear, but relator personally stated that he desired to waive extradition, and no longer wished to be represented by counsel, but was anxious to return to New York and answer the charges there pending against him.

Thereupon the judge ordered relator to be turned over to the agents of the State of New York.

It now further appears that relator has been returned by such agents to New York. Relator's attorneys concede that this court no longer is vested with jurisdiction of the habeas corpus proceedings.

The matter having become moot, the appeal is dismissed.

Opinion approved by the court.

ON RELATOR'S MOTION FOR REHEARING.

DAVIDSON, Judge.

As stated in the original opinion, the record affirmatively reflects that, subsequent to the notice of appeal in this case and upon a further hearing under changed conditions, relator, in person, waived extradition and agreed to return to the demanding state.

Under such record we are unable to agree with relator's counsel that the trial judge and state's counsel caused relator to be removed to the demanding state pending his appeal from the judgment of the trial court ordering him delivered for extradition to the demanding state.

It follows, therefore, that no action is necessary or required to preserve the jurisdiction of this court over the appeal, in the first instance.

The motion for rehearing is overruled.

Opinion approved by the court.